**In the Matter of M. D. B., a child under the age of eighteen (18) years.**

**No. O-79-677.**

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1980.

Andrew M. Coats, Dist. Atty., Dorothy Amis, Asst. Dist. Atty., Kimberly Morgan, Legal Intern, for appellant.

No appearance for appellee.

MEMORANDUM OPINION

CORNISH, Presiding Judge:

A delinquency petition was filed against M. D. B. in the District Court, Oklahoma County (Case No. JF–79–1215), accusing him of pointing a pistol at another person, an act that is prohibited by 21 O.S.1971, § 1279.

The arresting officer, at whom the pistol was pointed, testified that there was a live round in the chamber, but that he did not disassemble the pistol to determine either the presence or absence of a firing pin. During the adjudicatory hearing, the juvenile testified that the weapon had no firing pin, and on that basis, the District Judge found the juvenile not guilty of the act, relying on 21 O.S.1971, § 1289.3. (Section 1289.3 defines a pistol as, in part, a firearm capable of discharging a projectile.)

In appealing the ruling of the District Court, the State raises four assignments of error, all of which center on the assertion that the State did not have to prove the weapon capable of firing in order to establish its case. Because Section 1279, supra, prohibits the pointing of a weapon "*whether loaded or not,*" this Court believes the State's arguments are meritorious. Section 1289.3, supra, is expressly limited to the provisions of the Oklahoma Firearms Act of 1971, 21 O.S.1971, §§ 1289.1 et seq. It was never intended to apply to other portions of the penal code.

The question of law reserved by the State is answered in the affirmative. The ruling of the District Court was improper. The order discharging the appellee will not be disturbed.

BRETT and BUSSEY, JJ., concur.